UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY BOCAGE, INDIVIDIALLY AND ON BEHARLF OF ALL OTHERS SIMILARLY SITUATED** | **CIVIL ACTION NO.:** |
| | **JUDGE:** |
| **VERSUS** | **SECTION:** |
| **M-I, L.L.C D/B/A M-I SWACO** | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes **JEREMY BOCAGE**, plaintiff in the above-captioned matter, who brings this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from the defendant, M-I, L.L.C. d/b/a M-I Swaco.

### I. NATURE OF SUIT

1.

The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers …" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2.

Defendant violated the FLSA by failing to pay its nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3.

Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid overtime wages.

## II.  JURISDICTION AND VENUE

4.

Plaintiff's claims arise under the FLSA.  29 U.S.C. §§ 201-219.  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Louisiana.

## III.  THE PARTIES

6.

Plaintiff Jeremy Bocage is a resident of Slidell, Louisiana and was employed by Defendant within the meaning of the FLSA during the five (5) year period preceding the filing of this action.  In performing his duties, Bocage was engaged in commerce or in the production of goods for commerce.  Bocage regularly worked in excess of forty (40) hours per week.

However, Bocage did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7.

Defendant M-I, L.L.C. d/b/a M-I Swaco is a Delaware limited liability company, authorized to do and doing business in the State of Louisiana, that may be served with process through its registered agent, Capital Corporate Services, Inc., at 8550 United Plaza Building II, Ste. 305, Baton Rouge, Louisiana.

8.

Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

## IV.  FACTS

9.

Defendant purports to be "the [oil industry's] leading supplier of drilling fluid systems engineered to improve drilling performance by anticipating fluids-related problems, fluid systems and specialty tools designed to optimize wellbore productivity, production technology solutions to maximize production rates, and environmental solutions that safely manage waste volumes generated in both drilling and production operations."  It has offices in the territorial jurisdiction of this Court.

10.

From approximately April 2011 through May 2016, Bocage was employed by Defendant as a drilling fluid specialist (also referred to as a "mud man" or "mud engineer").

11.

Drilling fluid specialists, including Bocage, are responsible for ensuring the properties of the drilling fluid, also known as drilling mud, are within designed specifications.

12.

Drilling fluid specialists, including Bocage, regularly work in excess of forty (40) hours per week. Drilling fluid specialists, including Bocage, frequently were required to remain on the worksite, and respond immediately when called back to work, even when their "shift" was over or they were sleeping.

13.

Defendant does not pay drilling fluid specialists, including Bocage, at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

14.

Instead, Defendant pays drilling fluid specialists, including Bocage, at a fixed sum which does not take into consideration the number of hours worked per week.

15.

On information and belief, these same illegal pay practices were applied to all similarly situated employees of Defendant who were compensated in the same or similar manner to that of Plaintiff.

## IV. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

**A.     Defendant Failed to Properly Compensate Plaintiff at the Rate of Time and One-Half for All Overtime Hours.**

16.

On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

17.

As a nonexempt employee, Plaintiff was legally entitled to be paid at one and one-half times his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek.  29 U.S.C. § 207(a).

18.

Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times his regular rate.

19.

Instead, Defendant paid Plaintiff a fixed sum without regard to the number of hours worked per week.

20.

As a result, Plaintiff was regularly "shorted" on his paycheck by not being paid at a rate of time and one-half for hours worked in excess of forty (40).

21.

In the event that Defendant classified Plaintiff as exempt from overtime, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused

Defendant from appropriately paying Plaintiff full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

22.

Rather, Defendant knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiff proper overtime wages.

**B.     Defendant Failed to Keep Accurate Records of Time Worked.**

23.

The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

24.

In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

**C.     Defendant's Illegal Actions Were and Are Willful Violations of the FLSA.**

25.

The illegal pattern or practice on the part of Defendant with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

26.

No exemption excuses Defendant from failing to pay Plaintiff at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

27.

Defendant has not made a good faith effort to comply with the FLSA.

28.

Rather, Defendant knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

## VI.  COLLECTIVE ACTION ALLEGATIONS

29.

On information and belief, other employees have been victimized by Defendant's patterns, practices and policies identified above in violation of the FLSA.

30.

Plaintiff brings this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendant on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), in the job position known as drilling fluid specialist, also referred to as a "mud man" or "mud engineer" (the "Covered Employees").

31.

At all relevant times, Plaintiff and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them at the legally required time-and-a-half rates for work in excess of forty (40) hours per workweek, willfully failing to keep records required by the FLSA, and willfully failing and refusing to pay them overtime rates.  The claims of the Plaintiff stated herein are substantially similar to those of the other Covered Employees.

32.

This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The Covered Employees are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the Covered Employees via first class mail to the last address known to their employer.

### VII. CAUSE OF ACTION—FAILURE TO PAY WAGES

33.

Throughout the FLSA Class Period, Plaintiff and the other Covered Employees regularly worked in excess of forty (40) hour per work week.

34.

At all relevant times, Defendant willfully, regularly, and repeatedly failed to pay Plaintiff and the other Covered Employees overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) hours per work week, in direct violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

35.

Plaintiff and the Covered Employees are entitled to damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees, costs of pursuing this action, and all other legal and equitable relief as the Court deems just and proper.

## VIII. JURY REQUEST

36.

Plaintiff requests a trial by jury.

## IX. PRAYER

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, respectfully pray that this Court:

a. Issue an order that the FLSA collective action be certified;

b. Issue an order that Plaintiff be appointed representative of the FLSA Collective Plaintiffs;

c. Authorize the issuance of notice at the earliest possible time to all Covered Employees, informing them of their rights to participate in this lawsuit if they should so desire;

d. Declare that Defendant has violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

e. Declare Defendant's violations of the FLSA to be willful;

f. Award Plaintiff and all those similarly situated damages for the amount of unpaid overtime compensation;

g. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

h. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

i. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

j. Award post judgment interest as allowed by law;

k. Award costs of court and costs of prosecuting Plaintiff's claims; and

l. Award such other and further relief to which Plaintiff may be justly entitled.

                          Respectfully submitted,

                          **BERNARD, CASSISA, ELLIOTT & DAVIS**
                          A Professional Law Corporation

BY:      *s/Kenneth J. DeRoche Jr.*
                          **STEPHEN N. ELLIOTT (#5326)**
                          **KENNETH J. DEROCHE, JR. (33534)**
                          3838 N. Causeway Blvd., Suite 3050
                          Metairie, Louisiana 70002-8357
                          Telephone: (504) 834-2612
                          Fax: (504) 838-9438
                          Attorneys for Plaintiff.

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that he has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants, this  24th  day of   June  , 2017.

                                      *s/Kenneth J. DeRoche, Jr.*
                            **KENNETH J. DEROCHE, JR. (#33534)**

PLEASE SERVE:

M-I, L.L.C.
Through its agent for service of process:

Capitol Corporate Services, Inc.
8550 United Plaza Building II, Ste. 305
Baton Rouge, LA  70809