UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEREMY BOCAGE | * | CIVIL ACTION NO. 17-6124 |
| | * | C/W 17-15074 |
| VERSUS | * | SECTION: "R"(1) |
| | * | JUDGE SARAH S. VANCE |
| M-I, L.L.C. | * | |
| | * | MAGISTRATE JUDGE |
| *Applies to 17-6124* | | JANIS VAN MEERVELD |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*

ORDER AND REASONS

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Rec. Doc. 17). For the following reasons, the Motion is GRANTED.

Background

Plaintiff Jeremy Bocage filed this lawsuit under the Fair Labor Standards Act ("FLSA"), seeking to recover unpaid overtime wages from defendant M-I, L.L.C. d/b/a M-I SWACO ("M-I") on June 24, 2017. He purported to assert a collective action on behalf of himself and others similarly situated. In his original Complaint, he alleges that he was employed as a drilling fluid specialist with M-I from approximately April 2011 through May 2016. His duties were to ensure the properties of the drilling fluid are within designed specifications. He submits that drilling fluid specialists at M-I regularly work in excess of 40 hours per week, but they are not paid at one and a one-half times their regular rate of pay for excess time. Instead, he complains, he and other drilling fluid specialists are paid a fixed sum that does not account for the hours worked.

M-I filed a motion to dismiss, arguing that Bocage had waived his right to assert a class or collective action in a Waiver and Release he executed on June 15, 2016.[1] On September 19, 2017, the parties jointly notified the court of their agreement that M-I's motion to dismiss be granted and that an order be entered dismissing Bocage's collective action claims and stating that "this matter shall proceed as an action brought solely by the plaintiff, Jeremy Bocage." The District Judge entered the requested order the next day. M-I filed its answer. Among its defenses, M-I asserts that Bocage is exempt from the FLSA's overtime requirements as a highly compensated employee, under the executive exemption, under the professional exemption, under the administrative exemption, under the outside sales exception, under the Motor Carrier Act exemption, and under the combination exemptions.

On December 12, 2017, Bocage's case was consolidated with a putative collective action under the FLSA against M-I filed by six plaintiffs represented by the same attorneys as Bocage. See Coder v. M-I, L.L.C., Civ. A. No. 17-15074 (E.D. La. Dec. 6, 2017). The Complaint in this second action is nearly identical to Bocage's complaint. Plaintiffs in this second action reside in Louisiana, Mississippi, Colorado, and Texas. M-I has responded to this action by filing a motion to dismiss the claims of the non-Louisiana plaintiffs for lack of personal jurisdiction.

In the present action, Bocage has moved to amend his complaint to join 21 additional plaintiffs. He insists that these individuals, who are also alleged to be drilling fluid specialists, assert claims arising out of the same transactions and occurrences as implicated by his lawsuit. Specifically, Bocage says the plaintiffs all had similar job requirements and pay provisions and they were all subject to the same, company-wide practices and policies. There is no dispute that the court ordered deadline for amending pleadings has not yet passed.

---

[1] M-I also argued that as to putative plaintiffs residing outside of Louisiana, such plaintiffs would not be able to establish personal jurisdiction over M-I.

M-I opposes the amendment, arguing that Bocage has waived his ability to assert an action jointly with other plaintiffs when he executed the June 2016 waiver of his right to participate in any class or collective action. The attempt to join the plaintiffs to this action, M-I says, is an attempt to proceed as a collective action without being certified as a collective action. M-I also argues that plaintiffs do not allege that the proposed plaintiffs worked on the same rig, had the same level of experience, or worked under the same supervisors. It insists that determining whether an FLSA exemption applies to each of the plaintiffs requires an individualized analysis of the work performed by each individual. This, M-I says, means that the proposed plaintiffs' causes of action do not arise out of a single transaction or series of transactions that would support joinder. M-I further argues that as to the proposed plaintiffs who live out of state, the individuals will not be able to establish personal jurisdiction over M-I because they have no connection to Louisiana. At oral argument, however, counsel for M-I appeared to concede that if, as maintained by the Plaintiffs, all Plaintiffs were working out of M-I's Houma, Louisiana office, then M-I would have trouble succeeding on a lack of personal jurisdiction argument. Finally, M-I argues that joinder does not serve the interests of judicial economy because joinder will drastically delay the trial of this matter. Trial is set for January 7, 2019, a year from the date Bocage filed his Motion for Leave to Amend on January 3, 2018.

In reply, Bocage argues that by waiving the right to proceed as part of a collective action, he did not waive the right to join other plaintiffs in this lawsuit. At oral argument, counsel explained that when he agreed to include the language "this matter shall proceed as an action brought solely by the plaintiff, Jeremy Bocage" in the dismissal order, he was trying to make clear that Bocage's collective action claims and not his individual claims were being dismissed. Counsel for M-I agreed with this understanding.

3

Bocage also argues that the claims raised by the proposed plaintiffs here arise out of the same transaction or occurrence, and he insists that M-I's claims to the contrary are speculative. To the extent evidence obtained during discovery shows that individualized determinations will be required, Bocage says, the trial court can always sever plaintiffs at that time. He further argues that issues regarding personal jurisdiction are not properly addressed when assessing a motion for leave to amend. And finally, he argues that trial will not be delayed by his amendment because the claims present common issues of law and fact and a majority of witnesses are located in Louisiana.

The Court held oral argument on the Motion on February 28, 2018.

Law and Analysis

1. *Amendment to Pleadings*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

*2. Joinder*

Bocage argues that joinder of the additional plaintiffs here is appropriate under Rule 20. Joinder of additional plaintiffs may be allowed under Rule 20 only if "(1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521 (5th Cir. 2010). If the requirements of Rule 20 have been met, permissive joinder is generally "at the option of the plaintiffs." Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 574 (5th Cir. 1995). "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." Acevedo, 600 F.3d at 521 (internal citations omitted).

For example, in Acevedo, after the district court decertified an FLSA collective action, the plaintiffs jointly filed a lawsuit asserting their distinct FLSA claims against their employer—a convenience store operator. Id. at 519. The lawsuit included approximately 800 employee-plaintiffs who worked at over 300 different stores, each with its own manager. Id. at 519, 522. The district court held that the plaintiffs' claims were too dissimilar to proceed jointly, except that the plaintiffs who had worked at the same store could proceed in a single lawsuit. Id. The plaintiffs argued that joinder of all of their claims was appropriate because the defendant maintained company-wide policies encouraging working off the clock. Id. at 521. The Fifth Circuit Court of Appeals affirmed the district court's ruling that the employees could not join in a single action, noting the district court's wide discretion and the "divergent working conditions at each store and the different defenses applicable to each plaintiff's claims." Id. at 522.

5

Similarly, in Costello v. Home Depot U.S.A., Inc. former opt-in plaintiffs in an FLSA action that had been decertified refiled their cases jointly in six actions with between 39 and 103 plaintiffs. Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 262–63 (D. Conn. 2012). In one of the actions, the defendant sought to sever the plaintiffs' claims and the court found severance appropriate considering the factors under Rule 20 and Rule 21. Id. at 263. The court found the plaintiff employees' claims did not arise out of the same transaction or occurrence because the plaintiffs did not "seek to prove a pattern or practice, but rather must prove claims as to each plaintiff." Id. at 264. The court noted that the employees' claims "arise out of their employment in different Home Depot stores, in different states, under different circumstances, and apparently performing different tasks." Id. The court found the employees' claims shared a common question of law and fact because "they all alleged that Home Depot improperly classified them as exempt from the FLSA overtime requirements, and all held or hold the same job of [merchandising assistant store managers]." Id. But, the court found the factor of judicial economy and overlap of evidence weighed in favor of severance because the outstanding discovery was plaintiff specific and the separate trials would rely on substantially different evidence. Id. at 265. The court also considered prejudice, finding that a jury would be confused by considering the individual evidence as to daily responsibilities of 39 plaintiffs, that severance would not increase the cost of discovery, and that plaintiffs would incur additional costs to retain local counsel if the claims were severed. Id. at 266.

Bocage cites Allen v. Atlantic Richfield Co., where 22 plaintiffs proceeded jointly as named plaintiffs in a single lawsuit against their employer, rather than pursuant to a collective action. 724 F.2d 1131, 1135 (5th Cir. 1984). The Fifth Circuit did not explicitly consider whether joinder of the plaintiffs was proper. Id. Nonetheless, in affirming the district court in Acevedo,

6

the Fifth Circuit distinguished <u>Allen</u> because the number of plaintiffs in <u>Acevedo</u> (800) was so much higher than in <u>Allen</u>. <u>Acevedo</u>, 600 F.3d at 521.

    3. *Collective Action Waiver*

M-I gives its waiver argument short shrift, devoting just a paragraph of its opposition to the theory and citing no case law. M-I essentially argues that by waiving his right to a collective action, Bocage also waived the ability to join his claims with the claims of other plaintiffs. The contractual language that M-I relies on provides as follows:

> Employee waives participation, to the extent permitted by law, in any class or collective action, as either a class or collective action representative or participant as to those claims not released by signing this Agreement prior to conditional certification of a class or collective action.

M-I argues that by attempting to proceed jointly with 21 other plaintiffs, Bocage is attempting to proceed pursuant to a collective action without certifying his case as a collective action. M-I insists that Bocage should not be allowed to violate the "spirit of the agreement he signed." At oral argument, Plaintiffs' counsel explained that the 21 plaintiffs sought to be joined also signed collective action waivers, though he was not sure if they used the same wording as the one signed by Bocage. Plaintiffs' counsel further explained that the Plaintiffs in the consolidated case, <u>Coder</u>, Civil Action No. 17-15074, had not signed a collective action waiver.

The briefs appeared to raise an issue as to whether Bocage waived his right to proceed jointly with other plaintiffs by agreeing to a dismissal order that his lawsuit would proceed as an action "brought solely by the plaintiff, Jeremy Bocage." Given counsels' agreement at oral argument that this language was intended to ensure that only Bocage's collective action claims were dismissed, the Court will not interpret the dismissal order language as a waiver of the ability to proceed jointly.

7

Neither party cites any law to support its interpretation of the waiver. Although the cases cited by M-I in its motion to dismiss Bocage's collective action claims do not consider whether such waivers extend to joinders, the Court finds it useful to consider the waiver clauses in those cases. In D.R. Horton, Inc. v. National Labor Relations Board, the employee had agreed that all claims would be decided by an arbitrator and that "the arbitrator [would] not have the authority to consolidate the claims of other employees" and would "not have the authority to fashion a proceeding as a class or collective action or to award relief *to a group or class of employees* in one arbitration proceeding." 737 F.3d 344, 348 (5th Cir. 2013) (emphasis added). This language was interpreted by the National Labor Relations Board as precluding the employees from "filing joint, class, or collective claims." Id. at 355. In Convergys Corp. v. National Labor Relations Board, the employee had agreed: "I will pursue any claim or lawsuit relating to my employment with Convergys (or any of its subsidiaries or related entities) as an individual, and *will not lead, join, or serve as a member of a class or group of persons* bringing such a claim or lawsuit." 866 F.3d 635, 636 (5th Cir. 2017) (emphasis added). The Fifth Circuit found the National Labor Relations Board had incorrectly determined that the agreement was an unfair labor practice under the National Labor Relations Act. Id. 640. In Levy v. Schlumberger Tech Corp., the plaintiff had waived "any right or ability to be a class or collective action representative or to otherwise participate in any *putative or certified class, collective or multi-party action* or proceeding based on such a claim in which [plaintiff] is a party." No. 6:16-CV-00043, 2016 WL 6885916, at *2 (W.D. La. Nov. 2, 2016), report and recommendation adopted, No. 6:16-CV-00043, 2016 WL 6888129 (W.D. La. Nov. 21, 2016) (emphasis added). The court enforced the waiver and dismissed the plaintiff's collective action claims, requiring that the lawsuit proceed as an action "solely by [the plaintiff.]" Id. In LogistiCare Sols., Inc. v. Nat'l Labor Relations Bd, the employee had agreed

"to waive any right you may have to be a member of a Class or Collective action lawsuit or a representative of a Class or Collective action lawsuit against the Company." 866 F.3d 715, 717–18 (5th Cir. 2017). As in Convergys, the Fifth Circuit granted the employer's petition for review of the National Labor Relation Board's determination that the waiver violated the National Labor Relations Act. Id.

The waiver clauses in Horton, Convergys, and Levy, clearly contemplate a waiver of a joint action by prohibiting the employee from proceeding as a "group of persons," in a "multi-party action," or prohibiting consolidation of claims. But the clause at issue here is more like that in LogistiCare, which merely references a prohibition on "class" or "collective" actions. Both of these words are terms of art and might have been intended to refer to the procedural devices of class or collective actions. As such, it would be a stretch to assume that the parties intended that by prohibiting collective actions, Bocage was agreeing not to proceed "collectively" with any other people. Furthermore, the parties have not sufficiently briefed this issue or presented any evidence to establish what they intended.

The Court can deny a motion for leave to amend upon finding that the amendment would be futile. Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000). While it may ultimately be shown that Bocage has waived his right to proceed jointly with other plaintiffs, the Court cannot rule on the pleadings alone that Bocage's amendment is futile.

4. *Bocage's Proposed Amendment – Rule 15 and Rule 20*

At this early stage, the Court finds that the Amended Complaint sufficiently alleges causes of action that arise out of the same transaction or occurrence and will raise common issues of law and fact. The proposed plaintiffs allege that they served as drilling fluid specialists with the same job responsibilities and that they regularly worked in excess of 40 hours per week. The common

9

issues of law and fact include whether M-I is an enterprise engaged in commerce under the FLSA and whether plaintiffs were essential to M-I's business. Plaintiffs claim that they were misclassified as exempt from the FLSA's overtime requirements. Neither party has presented evidence to show whether this analysis will require an individualized determination or whether this question can be answered for all the plaintiffs. If the determination can be made in common, the Court finds the interests of justice will be served by having plaintiffs' claims joined in a single lawsuit before a single district judge so that legal issues can be decided with consistency. If discovery reveals that an individualized inquiry will be required, the court can always sever plaintiffs at that time to allow for separate trials.

5. *Personal Jurisdiction*

With regard to M-I's argument on personal jurisdiction, the Court finds this matter is better addressed by the appropriate motions to dismiss. M-I's argument, if successful, would only result in dismissal of some, but not all, of the proposed plaintiffs. Moreover, during oral argument Plaintiffs' counsel seemed to argue that all Plaintiffs had been working out of M-I's office in Louisiana, and M-I's counsel appeared to concede that if this was true, personal jurisdiction would probably be established. The Court notes that with regards to consolidated action No. 15074, M-I has already filed a motion to dismiss for lack of personal jurisdiction seeking to dismiss the out of state plaintiffs in that claim. It seems the ruling there would apply equally here. Accordingly, in the interest of judicial economy, M-I's personal jurisdiction arguments should be considered by the same judge.

Conclusion

For the following reasons, Plaintiff's Motion for Leave to File an Amended Complaint (Rec. Doc. 17) is GRANTED; Plaintiff's Amended Complaint is hereby entered into the record.

New Orleans, Louisiana, this 7th day of March, 2018.

                                        Janis van Meerveld
                                 United States Magistrate Judge