UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEREMY BOCAGE ET AL.                                   CIVIL ACTION

VERSUS                                                                  NO. 17-6124
                                                                                       c/w 17-15074

M-I, L.L.C.                                                                         SECTION "R" (1)

## ORDER AND REASONS

Defendant moves to dismiss the claims of certain plaintiffs for lack of personal jurisdiction.[1] For the following reasons, the motion is denied.

## I. BACKGROUND

Plaintiffs bring this Fair Labor Standards Act (FLSA) suit against M-I, L.L.C., their employer, for unpaid overtime work.[2] Plaintiffs are six drilling fluid specialists.[3] Three are residents of Louisiana, and three—Murray Alford, Craig Dawson, and Robert Theiss—reside out of state.[4] Plaintiffs allege that they regularly work over 40 hours per week without receiving overtime pay.[5]

---

[1]    R. Doc. 23.
[2]    R. Doc. 1 at 1 ¶ 1 (Case No. 17-15074).
[3]    *Id.* at 4 ¶ 8.
[4]    *Id.* at 2 ¶ 4.
[5]    *Id.* at 4 ¶¶ 10-12.

Plaintiffs filed suit on December 6, 2017.[6] This action was consolidated with Case No. 17-6124, now the lead case.[7] Defendant moves to dismiss the claims of Alford, Dawson, and Theiss for lack of personal jurisdiction.[8] Plaintiffs have offered the affidavits of Alford, Dawson, and Theiss in support of jurisdiction.[9]

## II. LEGAL STANDARD

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks and citation omitted). A district court may exercise personal jurisdiction over a defendant if "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because Louisiana's long-arm statute, La. R.S. § 13:3201, extends jurisdiction to the limits of due process, the Court need

---

[6] R. Doc. 1 (Case No. 17-15074).
[7] R. Doc. 16.
[8] R. Doc. 23.
[9] R. Docs. 26-1, 26-2, 26-3.

2

only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements. *Dickson Mar. Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

Personal jurisdiction may be either general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). General jurisdiction over a foreign defendant exists if the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Fifth Circuit has articulated a three-step inquiry to determine whether specific jurisdiction exists. *Sieferth*, 472 F.3d at 271. First, the plaintiff must show that "the defendant has minimum contacts with the forum state, *i.e.*, . . . it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *Id.* Second, the plaintiff must show that his "cause of action arises out of or results from the defendant's forum-related contacts." *Id.* If the plaintiff makes these showings, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Id.*

When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the "uncontroverted allegations

in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). But the district court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

## III. DISCUSSION

Plaintiffs assert that defendant is subject to specific personal jurisdiction in Louisiana. While plaintiffs' complaint conclusorily states that "a substantial part of the events or omissions giving rise to the claim occurred" in Louisiana,[10] affidavits by Alford, Dawson, and Theiss provide significantly more detail. Alford and Theiss state that they were interviewed for employment and hired at defendant's office in Harvey, Louisiana; they signed their employment contracts in Louisiana; and their managers, who determined their work schedules and assignments, recorded their work time, and calculated their payments, were located in Louisiana.[11] Dawson states that he was hired in Texas, but that during the past three years, he worked at

---

[10] R. Doc. 1 at 2 ¶ 3 (Case No. 17-15074).
[11] R. Docs. 26-1, 26-3.

4

job sites in Louisiana and off the coast of Louisiana.[12] Dawson further states that during this period, his managers—who determined his work schedule and assignments, recorded his work time, and calculated his payments—were also located in Louisiana.[13]

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A defendant's business activities in a state out of which the dispute arises may provide the necessary connection. When a defendant avails itself of the privilege of conducting business in a state by deliberately engaging in significant activities therein, its "activities are shielded by the benefits and protections of the forum's laws [and] it is presumptively not unreasonable to require [it] to submit to the burdens of litigation in that forum as well" for disputes arising out of its activities there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985) (internal quotation marks and citations omitted). In *Rudzewicz*, the Supreme Court

---

[12] R. Doc. 26-2.
[13] *Id.*

5

addressed whether a Florida federal court had specific jurisdiction over a contract claim against a Michigan-based Burger King franchise. The Court held that there was specific jurisdiction in light of the franchisee's "voluntary acceptance of the long-term and exacting regulation of his business from Burger King's Miami headquarters." *Id.* at 480. The Court also emphasized that the Miami headquarters of the franchisor "made the key negotiating decisions out of which the instant litigation arose." *Id.* at 481. The Court concluded that "the quality and nature of [the franchisee's] relationship to the company in Florida can in no sense be viewed as random, fortuitous, or attenuated." *Id.* at 480 (internal quotation marks and citations omitted).

Here, defendant's business activities create the requisite connection to Louisiana, and the out-of-state plaintiffs' FLSA claims arise out of those activities. According to plaintiffs' affidavits, defendant exerted managerial control over plaintiffs from Louisiana. And defendant made key decisions about plaintiffs' work schedules and payment, out of which this suit arose, through its managers in Louisiana. *Cf. Rudzewicz*, 471 U.S. at 481. Defendant's deliberate contacts with the state of Louisiana "can in no sense be viewed as random, fortuitous, or attenuated." *Id.* at 480.

Because defendant's challenged conduct actually occurred in Louisiana, plaintiffs' state of residence is not controlling. The Supreme

Court's decision in *Bristol-Myers Squibb* is not to the contrary. There, the Court held that out-of-state plaintiffs could not sue an out-of-state defendant in California. 137 S. Ct. at 1781-82. Critically, however, the Court noted that "all the conduct giving rise to the nonresidents' claims occurred elsewhere." *Id.* at 1782. Here, by contrast, defendant's conduct that gave rise to plaintiffs' claims occurred in Louisiana. By deliberately engaging in this conduct, defendant made itself amenable to suit in this state, even though Alford, Dawson, and Theiss were not themselves residents.

This case is also distinguishable from *Aviles v. Kunkle*, 978 F.2d 201 (5th Cir. 1992). In *Aviles*, the plaintiffs asserted a FLSA claim against their Ohio-based employer in Texas federal court. The Fifth Circuit held that the employer was not subject to specific jurisdiction in Texas because of the employer's limited contacts with the state. *Id.* at 204-05. But the FLSA claim in that case arose "solely out of [the plaintiffs'] employment in Ohio," and the employer's "only contact with Texas was one telephone call and one letter" to the plaintiffs while they were in Texas. *Id.* at 205. Although Alford and Theiss, like the plaintiffs in *Aviles*, worked outside the forum state, defendant's extensive contacts with Louisiana, which involved hiring, supervising, scheduling, and paying plaintiffs, suffice to create a reasonable expectation that defendant would be haled into court in Louisiana to defend

7

plaintiffs' claims that defendant failed to pay plaintiffs' required overtime for the work it directed.

Defendant does not argue, and the Court does not find, that the exercise of personal jurisdiction "would 'offend traditional notions of fair play and substantial justice.'" *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Five factors bear on this inquiry: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Id.* Louisiana's interests may be less significant because Alford, Dawson, and Theiss are not citizens of the state. But the burden on defendant is low in light of the defendant's many contacts with Louisiana, and the efficient administration of justice weighs in favor of keeping the out-of-state plaintiffs in this lawsuit. The other factors are at most neutral. Together, these factors do not suggest that the exercise of personal jurisdiction over the out-of-state plaintiffs' FLSA claims would be unfair or unreasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss the claims of Alford, Dawson, and Theiss for lack of personal jurisdiction.

New Orleans, Louisiana, this __23rd__ day of March, 2018.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE