UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY BOCAGE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION<br><br>NO: 17-6124 |
| VERSUS | SECTION: T |
| M-I, L.L.C. D/B/A M-I SWACO | |

## ORDER

Before the Court is a motion to sever[1] and reply[2] filed by the defendant, M-I, L.L.C. d/b/a MI Swaco ("M-I"). The motion is opposed[3] by the plaintiffs, Jeremy Bocage, Robert Armstrong, Mike Aucoin, Ernest Badeaux, Jr., David Buford, Brian Carbo, Maxcillian Danos, III, Kenneth Kidder, Terry Leeper, Ricky Livingston, Harry Mankel, Bradley McKay, Martin Ranstead, James Smith, Steven Sonnier, Larry Williamson (collectively, "Plaintiffs"). The motion was also opposed by the following plaintiffs who have been dismissed from the case: Kenneth Abbas, Phillip Palmer, Garret Richard, Dominique Trahan, and Elwin Thomas.[4]

The motion to sever is **DENIED AS MOOT** with respect to Kenneth Abbas, Phillip Palmer, Garret Richard, Dominique Trahan, and Elwin Thomas.[5] For the following reasons, the motion to sever is **DENIED** with respect to the remaining Plaintiffs.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves Plaintiffs' claims against M-I for alleged violations of the Fair Labor Standards Act ("FLSA"). M-I is an oilfield service company that specializes in producing drilling

---

[1] R. Doc. 58.
[2] R. Doc. 64.
[3] R. Doc. 60.
[4] R. Doc. 60.
[5] Kenneth Abbas, Phillip Palmer, Garret Richard, Dominique Trahan were dismissed without prejudice, R. Doc. 98. Elwin Thomas was dismissed without prejudice, R. Doc. 87.

1

fluid systems designed to improve performance of oil and gas well drilling operations. Plaintiffs are former M-I employees who regularly worked more than 40 hours per week as Drilling Fluid Specialists ("DFS"). DFS are responsible for ensuring that the properties of drilling fluid are within designated specifications. Plaintiffs allege that M-I improperly classified them as "exempt" from FLSA's overtime requirements, and that, as a result, they did not receive overtime pay of time and a half as required by FLSA. Instead, Plaintiffs were paid a fixed sum that does not account for the overtime hours worked. Plaintiffs seek to recover unpaid overtime wages under the FLSA.

On June 24, 2017, Plaintiff Jeremy Bocage ("Bocage") filed a complaint asserting a FLSA collective action on behalf of himself and other similarly situated individuals.[6] On September 20, 2017, the Court signed a consent judgment ordering the collective action claims be dismissed with prejudice and that the matter proceed as an individual action brought solely by plaintiff, Bocage.[7]

On January 3, 2018, Bocage filed a motion for leave to file a First Amended Complaint, seeking to add 21 individuals as plaintiffs.[8] In support of his motion, Bocage alleged the claims arise out the same transaction or occurrence because the individuals were all employed as DFS, had similar job requirements, had similar pay provisions, and were all subject to the same company-wide practices and policies.[9] M-I opposed the amendment, contending the factual circumstances for each proposed plaintiff precluded joinder under Fed. R. Civ. P. 20.[10] M-I pointed out that the proposed plaintiffs hail from all over the country, did not work on the same rig, had different levels of experience, and had different supervisors.[11] The Court granted the motion for leave finding that, at the early stage of the litigation, the amended complaint "sufficiently alleges

---

[6] R. Doc. 1.
[7] R. Doc. 14.
[8] R. Doc. 17.
[9] R. Doc. 17-1.
[10] R. Doc. 20.
[11] R. Doc. 20-1, p.3.

causes of action that arise out of the same transaction or occurrence and will raise common issues of law and fact."[12]

On March 3, 2019, M-I filed a motion to sever Plaintiffs' claims into 21 separate trials to avoid jury confusion and prejudice to M-I.[13] On July 3, 2019, the Court dismissed Elwin Thomas's claims without prejudice.[14] On July 11, 2019, the Court dismissed the claims of Kenneth Abbas, Phillip Palmer, Garret Richard, and Dominique Trahan without prejudice.[15] Because their claims have been dismissed, the motion to sever is moot with respect to Elwin Thomas, Kenneth Abbas, Phillip Palmer, Garret Richard, and Dominique Trahan. The motion to sever now applies to the 16 remaining Plaintiffs.

M-I contends Plaintiffs' claims should be severed because they do not arise out of the same transaction or occurrence and are not based on a common question of law or fact. M-I claims Plaintiffs have little in common in that they were hired at different times, worked apart, and were employed at different levels of DFS.[16] Additionally, M-I argues that 15 of the Plaintiffs are exempt from FLSA's overtime provisions under the highly compensated employee exemption and that all 16 Plaintiffs are exempt under the administrative exemption.[17] M-I asserts that determining whether an FLSA exemption applies to each of the Plaintiffs requires an individualized analysis of the work performed by each individual, and that severance is, therefore, appropriate in this case.

Plaintiffs oppose the motion to sever.[18] Plaintiffs maintain joinder is appropriate in this case because Plaintiffs were all employed by M-I as DFS, all had the same general responsibilities, all had similar pay provisions, and all were subject to M-I's company-wide practices of failing to

---

[12] R. Doc. 28, p.9.
[13] R. Doc. 58.
[14] R. Doc. 87.
[15] R. Doc. 98.
[16] R. Doc. 58-1, p.p.7-8.
[17] R. Doc. 58-1, p.10.
[18] R. Doc. 60.

pay them overtime.[19] In addition, Plaintiffs claim if the Court finds severance is appropriate, the cases should only be severed into two cases; one for Plaintiffs who are allegedly exempt under the highly compensated employee exemption and one for Plaintiffs who are not exempt under the highly compensated employee exemption.

## LAW AND ANALYSIS

This Court allowed the joinder of the Plaintiffs pursuant to Fed. R. Civ. P. 20(a)(1).[20] Fed. R. Civ. P. 20(a)(1) provides that plaintiffs may be joined when they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and if there is "any question of law or fact common to all plaintiffs." Fed. R. Civ. P. 21 governs misjoinder and provides that a "court may also sever any claim against a party." A district court has "broad discretion" to permit or deny Rule 21 severance,[21] and may sever an action if it is misjoined or might otherwise cause delay or prejudice.[22] Courts may also consider interests of judicial economy, such as whether identical witnesses or documentary proof support each claim.[23] A district court also has discretion to sever claims under Fed. R. Civ. P. 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize."

In *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010), for example, the district court held the claims of 800 plaintiffs who worked at 300 different stores were too dissimilar to proceed jointly, except that the plaintiffs who had worked at the same store could proceed in a single lawsuit. The Fifth Circuit Court of Appeals affirmed the district court's

---

[19] R. Doc. 60-1, pp.3-4.
[20] R. Doc. 31.
[21] *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000) (citing *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)); *see also In re Vioxx Prods. Liab. Lit., MDL No. 1657*, 2008 WL 4681368, at *8 (E.D. La. Oct. 21, 2008).
[22] *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).
[23] *See Adams v. Big Lots Stores, Inc.*, No. 08-4326, 2009 WL 2160430, at *2 (E.D. La. July 16, 2009).

4

ruling the employees could not join in a single action, noting the district court's wide discretion and the "divergent working conditions at each store and the different defenses applicable to each plaintiff's claims."[24]

In *Allen v. Atl. Richfield Co.*, 724 F.2d 1131 (5th Cir.1984), relied upon by Plaintiffs, 22 plaintiffs were allowed to proceed jointly as named plaintiffs in a single lawsuit against their employer. The *Allen* plaintiffs were security guards who brought suit against their employer alleging they were entitled to overtime paid under the FLSA. Although the Fifth Circuit did not expressly consider whether joinder of the plaintiffs was proper, the Fifth Circuit noted the importance of the number of plaintiffs, citing *Allen* in its *Acevdeo* opinion.[25]

The Court finds that the Plaintiffs' claims arise out of the same transaction or occurrence and will raise common issues of law and fact. The Plaintiffs all held the same title, DFS, and had the same job responsibilities while employed with M-I. The Plaintiffs' FLSA claims are all based on the assertion that Plaintiffs worked more than 40 hours per week but were not payed overtime. The common issues of law and fact raised by Plaintiffs' claims include whether M-I is an enterprise engaged in commerce under the FLSA, whether plaintiffs were essential to M-I's business, and whether Plaintiffs are exempt from the FLSA under the highly compensated employee exemption or the administrative exemption. M-I has not established that it will be prejudiced if the Plaintiffs' claims are not severed. Additionally, there will be an overlap of witnesses and documentary evidence to establish the Plaintiffs' responsibilities and M-I's company-wide policies. Judicial

---

[24] *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010).
[25] "We have previously allowed twenty-two security guards who worked at the same petroleum refinery to join their FLSA claims under Rule 20, see *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1132–33, 1135 (5th Cir.1984), but Acevedo fails to cite any cases in which a group of plaintiffs even remotely as numerous as 800 were able to join their claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010).

economy will be served by maintaining the case as a single lawsuit rather than severing the claims into 16 separate lawsuits.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the motion to sever[26] is **DENIED**. The motion to sever is **DENIED AS MOOT** with respect to Kenneth Abbas, Phillip Palmer, Garret Richard, Dominique Trahan, and Elwin Thomas.[27]

**New Orleans, Louisiana**, on this 8th day of August, 2019.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[26] R. Doc. 58.
[27] Kenneth Abbas, Phillip Palmer, Garret Richard, Dominique Trahan were dismissed without prejudice, R. Doc. 98. Elwin Thomas was dismissed without prejudice, R. Doc. 87.