UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY BOCAGE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION<br><br>NO: 17-6124 |
| VERSUS | SECTION: T |
| M-I, L.L.C. D/B/A M-I SWACO | |

## ORDER

Before the Court is a Motion for Summary Judgment as to the Highly Compensated Employee Exemption[1] and reply memorandum[2] filed by the defendant, M-I, L.L.C. d/b/a MI Swaco ("M-I"). M-I seeks dismissal of the claims asserted by Jeremy Bocage, Robert Armstrong, Mike Aucoin, Ernest Badeaux, Jr., Brian Carbo, Maxcillian Danos, III, Kenneth Kidder, Terry Leeper, Sr., Ricky Livingston, Harry Mankel, Bradley McKay, Martin Ranstead, James Smith, Jr., Steven Sonnier, and Larry Williamson ("Plaintiffs"). The motion is opposed.[3] For the following reasons, the motion for summary judgment is **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This matter involves Plaintiffs claims against their former employer for alleged violations of the overtime provisions in the Fair Labor Standards Act ("FLSA"). Plaintiffs were employed by M-I as drilling fluid specialists. Plaintiffs claim that they regularly worked more than 40 hours per week and that M-I improperly classified them as "exempt" from the FLSA's overtime requirements. As a result, Plaintiffs did not receive overtime pay of time and a half as required by the FLSA. Plaintiffs seek to recover unpaid overtime wages under the FLSA.

---

[1] R. Doc. 89.
[2] R. Doc. 138.
[3] R. Doc. 104.

1

M-I is an oilfield service company that specializes in producing drilling fluid systems designed to improve the performance of oil and gas well drilling operations. M-I's customers include major oil and gas companies. M-I employees project engineers who are responsible for designing the plan for each customer's drilling fluid system before drilling operations begin. M-I also employees drilling fluid specialists, like Plaintiffs, who work at M-I customer locations to manage the drilling fluid system and ensure that the properties of drilling fluid are within the specifications designated by the project engineer.

Drilling fluid specialists are responsible for testing the drilling fluid, also called "mud," to determine its properties and develop treatment plans to ensure the drilling fluid remains at optimal specifications. After testing the drilling fluid, the drilling fluid specialists submit a report to the project engineer, drilling supervisor, and other personnel involved in the drilling operation. Drilling fluid specialists have some discretion to make decisions regarding routine treatments, but also rely upon standard operating procedures established by M-I. If an issue cannot be addressed by the standard procedures, the drilling fluid specialists are required to contact the project engineer for instructions.

Plaintiff Jeremy Bocage ("Bocage") initiated this lawsuit by filing a complaint on June 24, 2017.[4] Robert Armstrong, Mike Aucoin, Ernest Badeaux, Jr., Brian Carbo, Maxcillian Danos, III, Kenneth Kidder, Terry Leeper, Sr., Ricky Livingston, Harry Mankel, Bradley McKay, Martin Ranstead, James Smith, Jr., Steven Sonnier, Larry Williamson, and David Buford were joined as plaintiffs on March 7, 2018 after the Court granted Bocage's motion for leave to file an amended complaint.[5]

---

[4] R. Doc. 1.
[5] R. Doc. 32.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] When summary judgment is sought on an affirmative defense, as here, the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."[7] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[8] The FLSA is remedial in nature, and the exemptions should, therefore, be narrowly construed in favor of the employee.[9]

The FLSA requires employers to provide overtime pay to any employee who works more than 40 hours per week unless an exemption from this protection applies.[10] The employer bears the burden to establish a claimed exemption.[11] M-I seeks summary judgment on the ground that the Plaintiffs are exempt from the FLSA's overtime provisions under the "highly compensated employee" exemption in 29 C.F.R. § 541.601. An employee is exempt under the "highly compensated employee" exemption if the employee: (1) receives a total annual compensation of at least $100,000;[12] (2) has primary duties that include performing office or non-manual work; and

---

[6] Fed. R. Civ. P. 56(a).
[7] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).
[8] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[9] *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017).
[10] 29 U.S.C. §§ 207, 213; *Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 279 (5th Cir. 2014).
[11] *Halle v. Galliano Marine Serv., L.L.C.*, 855 F.3d 290, 293 (5th Cir. 2017) (citing *Songer v. Dillon Res., Inc.,* 618 F.3d 467, 471 (5th Cir. 2010)).
[12] 29 C.F.R. § 541.601. The Department of Labor amended 29 C.F.R. § 541.601 to increase the income thresholds in 2016, but federal courts have enjoined the implementation of the 2016 amendments. See *Nevada v. U.S. Dep't of Labor*, 275 F.Supp.3d 795, 807-08 (E.D. Tex. 2017) (holding the Department of Labor exceeded its authority in raising the minimum salary requirement to $913 per week in the 2016 amendments, thus enjoining the amendment's implementation and instead applying the 2004 regulations) appeal filed, No. 17-41130 (5th Cir. Nov. 2, 2017); *Nevada v. U.S. Dep't of Labor*, 218 F.Supp.3d 520, 534 (E.D. Tex. 2016) (issuing preliminary injunction) appeal dismissed, No. 16-41606 (5th Cir. Dec. 1, 2016); see also *Buford v. Superior Energy Servs., LLC*, 2018 WL 2465469, at *9 n.2 (E.D. Ark. June 1, 2018) (applying regulations in effect prior to injunction); *Melton v. Lawrence*, 2018 WL 5723942, at *2 nn.4 & 5 (applying the amended basis-level test and not reaching the salary-level test); *Hines v. Key Energy Servs., LLC*, 2017 WL 2312931, at *7 n.9 (E.D. Ark. May 26, 2017).

(3) customarily and regularly performs any one of the exempt duties or responsibilities of an executive, administrative or professional employee.[13]

It is undisputed that Plaintiffs each receive a total annual compensation of at least $100,000 and that Plaintiffs have primary office duties that include performing non-manual work. Thus, the only issue before the Court is whether the Plaintiffs each customarily and regularly perform any of the exempt duties of an executive or administrative employee. The Court concludes that there are genuine disputes of material fact regarding whether the Plaintiffs each customarily and regularly perform any of the exempt duties of an executive or administrative employee.

To qualify as an administrative employee under the FLSA, the employee must have as his "primary duty ... the performance of work directly related to the management or general business operations of the employer or the employer's customers."[14] The regulations define an employee's "primary duty" as the "principal, main, major or most important duty that the employee performs."[15] The "directly related" test is met by the employee's "assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment."[16]

In *Dewan v. M-I, L.L.C.,* 858 F.3d 331, 338 (5th Cir. 2017), the Fifth Circuit concluded that the district court erred in granting summary judgment on the issue of whether the work of two drilling fluid specialists employed by M-I could be classified as work directly related to the general business operations of M-I's customers. Although there was no dispute regarding the drilling fluid specialists' daily job responsibilities, the Fifth Circuit explained that determining whether an employee qualifies as an administrative employee requires "a fact-finder to analyze the facts to

---

[13] 29 C.F.R. § 541.601.
[14] 29 C.F.R. § 541.201(a).
[15] 29 C.F.R. § 541.700(a).
[16] 29 C.F.R. § 541.201(a).

determine the employee's primary duty, how the work directly relates to certain parts of the employer's business, and whether the duty involves some discretion and independence."[17] Thus, the Fifth Circuit reversed the district court's ruling and remanded the case to the district court to proceed with trial.

Because the *Dewan* jury entered a verdict that the drilling fluid specialists were exempt under the administrative exemption, M-I asserts that drilling fluid specialists who make over $100,000 per year are necessarily exempt under the highly compensated employee exception. The Court is not, however, bound by a jury verdict rendered in another district court. Under the precedent set forth in *Dewan*,[18] the Court finds that the issue of whether the drilling fluid specialists customarily and regularly perform any of the exempt duties of an administrative employee requires a jury to analyze the facts and determine the drilling fluid specialists' duties, how the work directly relates to parts of M-I's business, and whether the drilling fluid specialists are given discretion and independence. As a result, the Court finds that there are genuine issues of material fact as to whether the drilling fluid specialists qualify as administrative employees.

M-I claims the Plaintiffs may qualify as executive employees, but M-I fails to state any undisputed facts that would support such a finding. M-I cites the executive employee exemption, stating "[q]ualifying executive duties are management duties. The regulations list the following examples of exempt duties: training employees, directing the work of employees, planning the work, determining the techniques to be used, determining the types of materials, supplies, and tools to be used."[19] M-I does not allege that the Plaintiffs supervised other employees or determined techniques or materials to be used. M-I, therefore, fails to show that there are

---

[17] *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017).
[18] Dewan v. M-I, L.L.C., 858 F.3d 331 (5th Cir. 2017).
[19] R. Doc. 89-1, p.16 (citing 29 C.F.R. § 541.102).

undisputed facts supporting that the Plaintiffs customarily and regularly perform any of the exempt duties of an executive employees under the FLSA.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment as to the Highly Compensated Employee Exemption[20] is **DENIED.**

**New Orleans, Louisiana**, on this 11th day of September, 2019.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 89.